UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-respondent,<br><br>v.<br><br>JUSTIN WHITTINGTON,<br><br>Defendant-movant. | No. 1:15-cr-00265-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 91) |

Pending before the court is defendant Justin Whittington's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.¹ (Doc. No. 91.) Defendant has also filed a motion to proceed *in forma pauperis* in this action. (Doc. No. 92.) The court will grant defendant's motion (Doc. No. 92) to proceed *in forma pauperis*; however, the court has considered the parties' briefing, and for the reasons set forth below, will deny defendant's motion to vacate, set aside, or correct his sentence.

---

¹ The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of adequate judicial resources in this district long-ago reached crisis proportion. While that situation was partially addressed by the U.S. Senate's confirmation of district judges for two of this court's vacancies on December 17, 2021 and June 21, 2022, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022. For over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. That situation resulted in the court not being able to issue orders in submitted matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties.

1

**BACKGROUND**

On September 24, 2015, defendant was indicted in four separate counts related to his December 2012 racially–motivated attack on J.N., a Latino adult male resident of Oildale, California. (Doc. No. 1.) Specifically, defendant was charged with firing a shotgun at J.N. in order to scare him into leaving town. (Doc. No. 61 at 9–10.) In Count One, defendant was charged with violating 42 U.S.C. § 3631, interference with housing rights, by willfully intimidating and interfering, through force and threat of force, with J.N.'s right to occupy a dwelling because of his race, color, and national origin. (Doc. No. 1 at 2.) In Count Two, defendant was charged with violating 18 U.S.C. § 924(c) by knowingly using, brandishing, and discharging a short-barreled shotgun during and in relation to a crime of violence, namely the interference with housing rights as charged in Count One.[2] (*Id.*) In Count Three, defendant was charged with violating 26 U.S.C. § 5861(d) by unlawfully possessing a short-barreled shotgun. (*Id.*) In Count Four, defendant was charged with violating 18 U.S.C. § 1001 by knowingly and willfully making false statements to an FBI agent. Specifically, defendant was accused of falsely telling an FBI agent that another individual had offered defendant money to keep the short-barreled shotgun in defendant's car. (*Id.* at 3–4.)

On November 29, 2016, the jury trial in this case commenced on Counts One, Two, and Four, following defendant's entry of a plea of guilty to unlawfully possessing a short-barreled shotgun as charged in Count Three. (Doc. No. 48.) On December 5, 2016, the jury returned a guilty verdict on Counts One, Two, and Four. (Doc. Nos. 55, 57.) Following trial, this court sentenced defendant to a 60 month term of imprisonment on Counts One, Three, and Four, to run concurrently with one another, and a mandatory consecutive term of 120 months' imprisonment on Count Two, for total prison term of 180 months. (Doc. Nos. 73, 74.)

On April 13, 2017, defendant appealed his judgment of conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) as charged in Count Two. (Doc. No.

---

[2] Most importantly for purposes of the pending motion, 42 U.S.C. § 3631 is a crime of violence as defined in 18 U.S.C. § 924(c)(3)(A) because the use of or threat of force is an element of the offense.

2

76.) On April 13, 2018, the Ninth Circuit Court of Appeals heard oral argument on defendant's appeal. (Doc. No. 89 at 1.) On May 1, 2018, the Ninth Circuit affirmed defendant's § 924(c) conviction. (*Id.*)

On August 2, 2019, defendant filed the pending motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 91.) Therein, defendant first argues that the court should vacate his conviction for violating § 924(c) because, he contends, the predicate crime of interference with housing rights in violation of 42 U.S.C. § 3631 is not categorically a crime of violence. (*Id.* at 5.) Defendant next contends that both this court and the Ninth Circuit erred in applying a modified categorical approach to classify interference with housing rights in violation of § 3631 as a crime of violence, and that relying on the modified categorical approach in this regard violated his due process rights. (*Id.* at 4–7.)

On August 13, 2019, this court issued an order setting a briefing schedule and directing the government to respond to defendant's § 2255 motion. (Doc. No. 93.) On October 31, 2019, defendant filed supplemental briefing expanding on his arguments and asserting that his pending § 2255 motion was timely filed. (Doc. No. 101.) On December 11, 2019, the government filed an opposition to the pending motion. (Doc. No. 102.) Therein, the government argues that defendant's claims are barred by the law of the case doctrine and cannot serve as a basis for the post-conviction relief he now seeks in his pending § 2255 motion. (*Id.* at 5.) On January 13, 2020, defendant filed his reply to the government's opposition. (Doc. No. 105.)

**LEGAL STANDARD**

**A.     28 U.S.C. § 2255 Motions**

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

3

To warrant the granting of relief, the movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

"[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

**B.     Relitigation Bar**

It is well-established that claims or arguments a defendant previously raised on direct appeal are not cognizable when presented in a § 2255 motion. *Davis*, 417 U.S. at 342 (issues determined in a previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law); *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (holding that claims previously raised on appeal "cannot be the basis of a § 2255 motion"); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); *Egger v. United States*, 509 F.2d 745, 748 (9th

Cir. 1975) ("Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255.") (citing *Clayton v. United States*, 447 F.2d 476, 477 (9th Cir. 1971) (holding that the movant's "attempt to relitigate the legality of the search and seizure was properly rejected by the district court" because that contention had already been presented and rejected on direct appeal)).

This bar against relitigating issues in a § 2255 proceeding is an application of the law of the case doctrine. *See United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (concluding that "[i]t is the law of this case that the government did not violate its *Brady* obligation" where the defendant's *Brady* claims had already been expressly addressed and rejected on direct appeal).

**C.     Exceptions to the Relitigation Bar**

The Ninth Circuit has recognized exceptions justifying a court departing from the "law of the case" doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced." *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (*en banc*) (internal quotation marks and citation omitted).

**ANALYSIS**

Title 18 U.S.C. § 924(c)(1)(A)(iii) provides that any defendant who in relation to a crime of violence uses a firearm and discharges said firearm, shall be sentenced to a term of imprisonment of not less than 10 years. Title 18 U.S.C. § 924(c)(1)(B)(i) provides that if the firearm used in relation to a crime of violence is a short-barreled shotgun, the defendant shall be sentenced to a term of imprisonment of not less than 10 years. The jury in this case convicted

defendant Whittington of violating 42 U.S.C. § 3631 by interfering with the victim's housing rights, on account of the victim's race, color or national origin, through the use or threatened use of force, with the jury specifically finding that defendant committed that offense by knowingly using, brandishing, and discharging a short-barreled shotgun.  (Doc. No. 57.)  Based on those findings, the jury also convicted defendant of violating 18 U.S.C. § 924(c).  (*Id.*)  Pursuant to and in keeping with §§ 924(c)(1)(A)(iii) and 924(c)(1)(B)(i), the court imposed a mandatory consecutive 120-month term of imprisonment on the § 924(c) conviction, in addition to the 60-month concurrent sentences imposed on the other counts, for an aggregate prison term of 180 months.  (Doc. No. 74.)

Defendant Whittington challenges this sentence, arguing that both this court and the Ninth Circuit Court of Appeals incorrectly categorized 42 U.S.C. § 3631 as a crime of violence.  (Doc. No. 91.)  Defendant advanced this same argument in his direct appeal from his judgment of conviction and sentence.  (Doc. Nos. 89 at 2; 91 at 2.)  Indeed, in its order affirming defendant's conviction, the Ninth Circuit summarized his argument on appeal as follows:  "Whittington argues that interference with housing rights under 42 U.S.C. [§] 3631 is not categorically a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3) and that his § 924(c) conviction must therefore be set aside."  (Doc. No. 89 at 2.)

The law of the case doctrine ordinarily precludes a court from reexamining an issue previously decided by the same court in the same case.  *Richardson*, 841 F.2d at 996.  Thus, under that doctrine, defendant cannot relitigate this issue through a § 2255 motion, unless an exception to the law of the case doctrine applies here.  *Jingles*, 702 F.3d at 502.

Defendant contends that the court should reconsider the validity of his § 924(c) conviction and depart from the law of the case doctrine pursuant to the "intervening controlling authority" exception to that doctrine.  (Doc. No. 101 at 7.)  In his pending motion, defendant asserts that he is entitled to post-conviction relief on three grounds, all of which are based on his argument that the Supreme Court's decision in *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019) constitutes intervening controlling authority which was announced after his conviction.  (*Id.*)  Specifically, defendant contends that the Supreme Court's holding in *Davis* requires federal

6

courts to apply the categorical approach—not the modified categorical approach—in determining whether a predicate offense is a crime of violence for purposes of § 924(c)(3)(A). (Doc. No. 91 at 4–7.)

The government argues that the decision in *Davis* has no impact on defendant's case and that his claims are barred because he has failed to establish that any exception to the law of the case doctrine applies here to justify reconsideration of his sentence. (Doc. No. 102 at 7.) The government contends that *Davis* concerned only the constitutionality of § 924(c)(3)(B) and has no impact on whether a predicate offense is a crime of violence under § 924(c)(3)(A). (*Id.*) Accordingly, the government concludes that because defendant was convicted of violating § 924(c)(3)(A), *Davis* does not constitute intervening authority that justifies reconsideration of defendant Whittington's conviction and sentence. (*Id.* at 8.)

**A.     Applying *Davis* to 18 U.S.C. § 924(c)(3)**

This court has reviewed the Supreme Court's decision in *Davis* and, for the reasons explained below, agrees with the government that it is not intervening controlling authority applicable to defendant's case. Section 924(c)(3) lists two clauses defining crimes of violence, an elements clause and a residual clause. *See* 18 U.S.C. § 924(c)(3). In *Davis* the Supreme Court addressed the constitutionality of § 924(c)(3)(B), otherwise known as the residual clause. 139 S. Ct. at 2323. The opinion in *Davis* reflects two holdings. First, the Supreme Court held that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Second, the Court held that the presumption of constitutionality could not save the residual clause of that statute. *Id.* at 2332.

The residual clause defines a crime of violence as any crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In other words, even crimes without violent elements may be deemed violent if they involve the substantial risk of force. In *Davis*, the Supreme Court found this language unconstitutionally vague and declined to preserve that provision. *Davis*, 139 S. Ct. at 2327. What the decision in *Davis* definitively did not do, however, is hold § 924(c)(3)(A) to be unconstitutionally vague; nor did the Supreme Court's

7

decision address § 924(c)(3)(A) at all. *See United States v. Hammond*, 996 F.3d 374, 397-98 (7th Cir. 2021) ("[T]his Court and our sister courts have consistently held that *Davis*'s invalidation of the residual clause of § 924(c) did not affect the continued constitutionality of the elements clause.") (citing cases); *Jones v. United States*, 17-CR-1370-AJB, 2021 WL 1749897, at *3 (S.D. Cal. May 4, 2021) ("Although the residual clause under § 924(c)(3)(B) has been held to be unconstitutionally vague, Hobbs Act robbery remains an elements-clause crime of violence."); *Meza v. Martinez*, CV 20-2343-MCS (SP), 2021 WL 597875, at *4 (C.D. Cal. Feb. 16, 2021) ("Whether the elements clause of § 924(c)(3)(A) is similarly unconstitutional was not at issue. . . .[T]he holding in *Davis* only invalidated the residual clause of § 924(c) and did not extend to the entirety of § 924(c)."); *United States v. Ellis*, No. 13-cr-00818-PJH-1, 2020 WL 5910072, at *8 (N.D. Cal. Oct. 6, 2020) ("In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, leaving the elements clause intact.").

Section 924(c)(3)(A), otherwise known as the elements clause, defines a crime of violence as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Here, defendant Whittington was convicted of a predicate crime of violence under the elements clause, not the residual clause, because the underlying crime of violating 42 U.S.C. § 3631 had the use of force or threat of force as a necessary element of that crime (Doc. No. 54 at 42). *See United States v. Henry*, 984 F.3d 1343, 1355 (9th Cir. 2021) (rejecting a challenge brought under *Davis* because, while under that decision "predicate crimes of violence for § 924(c) charges are limited to those that have violence as an element under § 924(c)(3)(A)" the defendant's "argument fail[ed] because armed bank robbery, his predicate offense, does have violence as an element."); *see also Cazares v. United States*, CR 04-415 PA, 2021 WL 1153040, at *3-4 (C.D. Cal. Feb. 15, 2021) (denying a § 2255 motion, noting petitioners' concession that their conviction for violating 18 U.S.C. § 245(b)(2)(B) (intimidating a person from participating in any activity provided or administered by the United States by force or threat of force) qualified as a predicate crime of violence for purposes of § 924(c)'s elements clause and finding that their conviction for violating 18 U.S.C. § 241 (conspiracy to threaten or intimidate any person in the free exercise of any right

or privilege secured to him under the laws of the United States) was also a crime of violence for that purpose).  This court therefore finds the government's argument that the Supreme Court's decision in *Davis* is not intervening controlling authority to be persuasive.

**B.      Applying the Law of the Case Doctrine to this Action**

On May 1, 2018, the Ninth Circuit affirmed defendant's judgment and conviction under § 924(c)(3)(A).  (Doc. No. 89.)  In that appellate proceeding, the government had urged the Ninth Circuit to affirm both defendant's conviction and sentence on Count Two "[b]ecause the type of Section 3631 offense charged here—*i.e.*, using 'force or threat of force' that includes the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire' to interfere with fair housing rights—satisfies Section 924(c)(3)(A)."  (Doc. No. 91 at 16.)  The Ninth Circuit agreed and concluded that this district court did not commit plain error to the extent it relied upon § 924(c)(3)(A), the elements clause.  (Doc. No. 89 at 3.)

This court now concludes, once again, that the elements of defendant's § 3631(c) offense of conviction categorically includes the use, attempted use, or threatened use of physical force against another, as well as the use of a dangerous weapon.  *See* Title 42 U.S.C. § 3631(c). Defendant cannot challenge his conviction under the Supreme Court's decision in *Davis*, which dealt only with 18 U.S.C. § § 924(c)(3)(B), because defendant was not convicted at trial of violating the residual clause of that statute.  *See Davis*, 139 S. Ct. at 2353 (pointing out that even under that decision, "many violent crimes still might fall within § 924(c)(3)'s elements clause.").

In short, defendant Whittington already unsuccessfully argued on direct appeal that this court erred in determining that he had been convicted of a crime of violence.  (Doc. No. 89.)  The Ninth Circuit correctly affirmed defendant's § 3631 conviction under § 924(c)(3)(A).  (*Id.* at 2.) Because the Supreme Court in *Davis* addressed only § 924(c)(3)(B), the intervening controlling

/////
/////
/////
/////
/////

9

authority exception to the generally applicable relitigation bar does not apply. The court therefore concludes that defendant Whittington's § 2255 motion is barred.[3]

## C.  No Evidentiary Hearing Necessary

Section 2255 requires a district court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). The court may deny an evidentiary hearing if the petitioner's allegations, when viewed against the record, do not state a claim for relief. *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). An evidentiary hearing is also unnecessary when there are no disputed issues of fact and the defendant raises only issues of law. *See Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963). Here, defendant's claims raise only legal issues in the wake of the Supreme Court's decision in *Davis*. An evidentiary hearing would not aid in the resolution of the pending motion and is therefore unnecessary.

## D.  Certificate of Appealability

A movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In this case, reasonable jurists cannot debate that defendant cannot relitigate his claims in this § 2255 action because *Davis* has no impact on his § 924(c)(3)(A) conviction. Therefore, this

---

[3] Nevertheless, even if the re-litigation bar did not apply and the court were to address defendant's arguments on the merits, for the reasons addressed throughout this order, the court would conclude that defendant's offense of conviction—42 U.S.C. § 3631(c)—constitutes a crime of violence and thus on the merits, the court would still deny defendant's § 2255 motion. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (holding that a court may still consider the merits of a collateral-attack regardless of a collateral-attack waiver, so long as the underlying conviction is illegal).

court will decline to issue a certificate of appealability.

## CONCLUSION

Accordingly,

1. Movant's motion to proceed *in forma pauperis* (Doc. No. 92) is granted;

2. Movant's pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 91) is denied[4],

3. The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

4. This case remains closed.

IT IS SO ORDERED.

Dated:   **August 18, 2022**              /s/ Dale A. Drozd
                                                             UNITED STATES DISTRICT JUDGE

---

[4] As of the date of this order, defendant Whittington has been in custody just short of seven years and, if he has received maximum good time credits, may have served approximately 8 ½ years of his 15-year sentence. The defendant has not moved for relief under 18 U.S.C. § 3582(c)(1)(A) and the court is unaware of his circumstances or his conduct record during his imprisonment. This order addresses only the motion now pending before the court.